IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WALTER QUINNIE, JR., <br><br> Plaintiff, <br><br> v. <br><br> ATLANTIC MARINE HOLDING COMPANY, <br><br> Defendant. | CV No. 06-0633-KD-C |

## ORDER

Before the Court is the Defendant's "Motion for Judgment on the Pleadings or, in the Alternative, for Summary Judgment," and brief offered in support thereof. (Doc. 9). The Plaintiff has not responded to this Motion.

### I.   BACKGROUND

The Plaintiff, Walter Quinnie ("Quinnie"), proceeding *pro se* filed the instant action on October 5, 2006, alleging "Racial Discrimination/Employment." (Doc. 1 at 2). The Plaintiff further alleges that "[t]he firm favored white employees in decisions involving layoffs and work assignments, and tolerated a racially poisonous work environment." (Doc. 1 at 2). Plaintiff's complaint seeks damages for "[c]ompensation of wages relevant to promotions instead of racially motivated layoffs [and damages for] Mental anguish due to stressful induced environment." (Doc. 1 at 2). The Defendant Atlantic Marine Holding Company ("Atlantic Marine Holding") answered asserting various defenses, including that the Plaintiff's claims are barred by any applicable statutes of limitations, the Plaintiff was never employed by Atlantic Marine Holding, and, to the extent that the Plaintiff may be asserting a claim under Title VII of the Civil Rights Act of 1964, failure to exhaust all administrative remedies, among other

defenses. (Doc. 7).

On December 22, 2006, the Defendant filed a motion for judgment on the pleadings or, in the alternative, for summary judgment. (Doc. 9). The Defendant argues that judgment should be entered in its favor for two reasons: first, the Plaintiff was never employed by the Defendant; and second, any possible claims alleged in the Plaintiff's complaint are time-barred. (Doc. 9).

**II.   STANDARD**

   *A.   Motion for Judgment on the Pleadings*

   Rule 12(c) of the Federal Rules of Civil Procedure provides that:

   After the pleadings are closed ..., any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Fed. R. Civ. P. 12(c). "Judgment on the pleadings is appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and judicially noticed facts." Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998). Under this standard, judgment should not be entered "'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitled him to relief.'" Id. (citing Slagle v. ITT Hartford, 102 F.3d 494, 497 (11th Cir. 1996). Alternatively, if the court relies upon matters outside of the pleadings, the motion is converted to a motion for summary judgment.

   *B.   Motion for Summary Judgment*

   Summary judgment should be granted only if "there is no issue as to any material fact

and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).[1] The party seeking summary judgment bears "the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991). The party seeking summary judgment always bears the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Id. (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323  106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)).

If the nonmoving party fails to make "a sufficient showing on an essential element of her case with respect to which she has the burden of proof," the moving party is entitled to summary judgment. Celotex, 477 U.S. at 317. "In reviewing whether the nonmoving party has met its burden, the court must stop short of weighing the evidence and making credibility determination of the truth of the matter. Instead, the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Tipton v. Bergrohr GMBH-Siegen, 965 F.2d 994, 999 (11th Cir. 1992) cert denied, 507 U.S. 911, 113 S.Ct. 1259, 122 L.Ed. 2d 657 (1993) (internal citations and quotations omitted). Thus, the court's role at the summary judgment stage

---

[1] Rule 56(c) of the Federal Rules of Civil Procedure, provides that summary judgment shall be granted:

> if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c).

is not to weigh the evidence or to determine the truth of the matter, but rather to determine only whether a genuine issue exists for trial.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).  The mere existence of any factual dispute, however, will not automatically necessitate denial of a motion for summary judgment; rather, only factual disputes that are material preclude entry of summary judgment. Lofton v. Secretary of Dept. of Children and Family Services, 358 F.3d 804, 809 (11th Cir. 2004), cert denied, 534 U.S. 1081, 125 S.Ct. 869, 160 L Ed. 2d 825 (2005).

### III.   ANALYSIS

Plaintiff's claim asserts that Defendant Atlantic Marine Holding Company "favored white employees in decisions involving layoffs and work assignments, and tolerated a racially poisonous work environment."  (Doc. 1 at 2).  On December 22, 2006, the Defendant filed a motion for judgment on the pleadings or, in the alternative, for summary judgment.  (Doc. 9).  The Plaintiff has failed to respond to this Motion.

> On December 27, 2006, this Court issued an Order stating, in pertinent part:
>
> Any party opposing the motion must file a **response in opposition** on or before **January 11, 2007** ....  The response must conform to the requirements set forth in Rule 56 of the Federal Rules of Civil Procedure and Local Rule 7.2, copies of which are attached. ... The court will take this motion under submission on **January 23, 2007**.  Once the motion is taken under submission no further briefs, pleading or submissions related to the issues raised on summary judgment may be filed unless the proponent obtains leave of court for good cause shown.

(Doc. 11 at 1)(emphasis in original).

Additionally, in an abundance of caution, this Court's order gave the following warnings:

> **NOTICE TO UNREPRESENTED PARTIES**
>
> If any party is appearing without counsel (*pro se*), they are advised out of a height of caution that the granting of this motion would represent a final adjudication of the

> matters raised in the motion which may foreclose subsequent litigation on those
> matters. *See McBride v. Sharpe,* 25 F.3d 962, 968 (11th Cir. 1994)(*en banc*) *cert.
> denied,* 513 U.S. 990, 115 S.Ct. 489, 130 L.Ed.2d 401 (1994)("Moreover, when a
> *pro se* litigant is involved, we have interpreted Rule 56(c) to require that the district
> court specifically inform the litigant (1) of the need to file affidavits or other
> responsive materials, and (2) of the consequences of default.").
> ...
> **Failure to respond** to this motion for summary judgment may result in final
> judgment being rendered in favor of the party who filed the motion, without a full
> trial. It is important to note that, except in certain circumstances, a person against
> whom a motion for summary judgment is filed may not rely on the allegations of
> his pleadings. In other words, a plaintiff against whom a motion for summary
> judgment is filed must oppose that motion by response as provided in the rules.

(Doc. 11 at 1-2)(emphasis in original). Thus, the Plaintiff was cautioned about the ramifications of his failure to respond to the motion, whether it be considered a motion for summary judgment pursuant to Rule 56 or for judgment on the pleadings pursuant to Rule 12(c). For the reasons given below, this Court finds that the Defendant's Motion is due to be granted.

Courts "do and should show leniency to *pro se* litigants not enjoyed by those with benefit of legal education. Yet even in case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." GJR Investments v. Escambia, Fla., 132 F.3d 1359, 1370 (11th Cir. 1998).

Even indulging the Plaintiff's pleadings, and construing the complaint in his favor, this Court finds that there is no genuine issue of material fact which would preclude the entry of summary judgment.[2] First, it is uncontested on the record that Mr. Quinnie was never employed

---

[2] This Court finds that the affidavits of Walter R. Meigs, General Counsel for Atlantic Marine Alabama, LLC, an affiliate of the Defendant Atlantic Marine Holding Company, persuasive. (Doc. 9-2). Mr. Meigs states that "Walter Quinnie, Jr. has never been an employee of Atlantic Marine Holding Company." (Doc. 9-2 at 1). Additionally, this Court finds persuasive the affidavit of Ms. Juliette Locke, Human Resources Manager for Atlantic Marine Alabama, LLC, successor to Atlantic Marine, Inc. (Doc. 9-3). Ms. Locke states that Mr. Quinnie was

by the Defendant. (Docs. 9, 10, 9-2, 9-3 at 1). And, although Mr. Quinnie names Atlantic Marine Holding as the Defendant, he does not assert in his complaint that he was or is an employee of the company. (Doc. 1). Second, even if Mr. Quinnie was employed by Atlantic Marine Holding or if Atlantic Marine, Inc. were named in this suit, it is uncontroverted that his employment ended on November 9, 1995, nearly eleven full years prior to filing the instant claim. (Doc. 10, 9-3). Construing the Plaintiff's complaint liberally, this near eleven year time lapse would render any claim brought pursuant to Title VII of the Civil Rights Act of 1964, as amended , 42 U.S.C.A. § 2000e, barred by applicable statutes of limitation. Additionally, it is also uncontested that Quinnie did not file a claim of discrimination as required by Title VII with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the alleged unlawful practice. 42 U.S.C.A. §§ 2000e-5(e)(1). Again construing the Plaintiff's complaint liberally, it is clear that any race-based disparate treatment claim brought under § 1981 must also fail. The record is uncontested that Mr. Quinnie failed to file his suit within the limitation period for claims brought pursuant to § 1981. Hithon v. Tyson Foods, Inc., 144 Fed. App'x 795, 798-99 (11th Cir. 2005) (unpublished opinion)[3], *cert. denied*, ___ U.S. ___, 126 S.Ct. 1331, 164 L. Ed. 2d 48 (2006).

## IV.    CONCLUSION

---

formerly employed by "Atlantic Marine, Inc." and that his employment was terminated effective November 9, 1995, "due to his failure to show up for work or to call in (a 'no show/no call' termination)." (Doc. 9-3). Pursuant to Rule 12(c), this Court's reliance on the foregoing affidavits renders the Defendant's Motion one properly considered under the Summary Judgment standard.

[3] Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority. U.S. Ct. of App. 11th Cir. Rule 36-2.

For the foregoing reasons, the Defendant's Motion is GRANTED.  JUDGMENT is hereby entered in favor of the Defendant, ATLANTIC MARINE HOLDING COMPANY, and against the Plaintiff, WALTER QUINNIE, JR.

**DONE** and **ORDERED** this   16th   day of February, 2007.

**s/ Kristi K. DuBose**
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**